UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES LIGOR,

                        Plaintiff,

     -against-

J & M TOWING & RECOVERY INC.,
CONNIE OTERA, JACOB OTERA,

                        Defendants.
------------------------------------------------------------X

**ORDER**
14-CV-4632(SJF)(AKT)

FEUERSTEIN, District Judge:

On August 4, 2014, *pro se* plaintiff James Ligor ("plaintiff") commenced this action against the J & M Towing & Recovery Inc., Connie Otera and Jacob Otera (collectively, the "defendants"), pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117. Accompanying the complaint is an application to proceed *in forma pauperis* and an application for the appointment of pro bono counsel to represent the plaintiff in this case. Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. The Clerk of Court is directed to forward copies of the summonses, the complaint, the Notice of Hearing dated November 14, 2014 and this Order to the United States Marshal Service for service upon the defendants without prepayment of fees.

For the reasons set forth below, the application for the appointment of *pro bono* counsel is denied without prejudice.

1

I. Appointment of *Pro Bono* Counsel

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts possess substantial discretion to determine whether appointment of counsel for civil litigants is appropriate. *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003). When deciding whether to appoint counsel to an indigent civil litigant under § 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010); *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor."); *see also Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether that indigent's position seems likely to be of substance"). If the threshold showing has been met, the court should next consider the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *see also Johnston*, 606 F.3d at 42 (applying the *Hodge* factors); *Carmona*, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61.

2

Upon review of plaintiff's application and complaint, the Court finds that the appointment of *pro bono* counsel is not warranted at this stage of the litigation. Although there may be some likelihood of merit to plaintiff's claims, the legal issues presented in this case are not particularly complex; plaintiff appears capable of preparing and presenting his case and investigating the crucial facts; and there is no special reason to appoint counsel at this time. Accordingly, plaintiff's application for the appointment of counsel is denied without prejudice to renewal when this case is trial ready, if so warranted at the time. In the interim, plaintiff must either retain counsel or proceed *pro se*.

II. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted. The Clerk of Court is directed to forward copies of the summonses, the complaint, Notice of Hearing dated November 14, 2014 and this Order to the United States Marshal Service for service upon the defendants without prepayment of fees. Plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice and with leave to renew when this case is ready for trial, if so warranted at that time.

The Clerk is also directed to serve notice of entry of this Order on plaintiff pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: November 14, 2014
Central Islip, New York

3